Filed 5/21/15  P. v. Green CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>NICHOLAS GREEN,<br><br>  Defendant and Appellant. | 2d Crim. No. B255312<br>(Super. Ct. Nos. TA125843, TA125984)<br>(Los Angeles County) |

An amended information charged Nicholas Green with first degree burglary (Pen. Code, § 459),[1] two counts of criminal threats (§ 422, subd. (a)), assault with a deadly weapon (§ 245, subd. (a)(1)), two counts of assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)), and two counts of misdemeanor vandalism (§ 594, subd. (a)).  The information included great bodily injury (§ 12022.7, subd. (a)), one "strike" (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and prior conviction (§§ 667, subd. (a)(1), 667.5, subds. (b)-(c), 1192.7, 1203, subd. (e)(4)) allegations.

The trial court declared a doubt as to Green's competence to stand trial and suspended the proceedings so that psychologist Haig Kojian could assess him.  (§ 1368.)

---

[1] All statutory references are to the Penal Code.

Based on Dr. Kojian's report, the trial court found Green competent.  (§§ 1369, 1370.) Green subsequently brought an unsuccessful *Marsden* motion.[2]

The jury could not reach a verdict on one of the counts of assault by means likely to produce great bodily injury, which the trial court dismissed in the interest of justice.  (§ 1385.)  On the count of assault with a deadly weapon, the jury convicted Green of the lesser included offense of simple assault.  (§ 240.)  He was convicted as charged on the remaining counts.  He admitted the prior convictions.

The trial court sentenced Green to 20 years in state prison.  It designated the count of first degree burglary as the principal term, imposed the six-year upper-term sentence on that count, doubled as a second strike, and added a five-year enhancement for the prior conviction.  On both of the criminal threats counts, the trial court imposed concurrent terms of four years (the mid-term sentence of two years, doubled as a second strike).  On the simple assault count, the trial court imposed a concurrent term of six months.  On the count of assault by means likely to produce great bodily injury, the trial court imposed a consecutive term of two years (one-third the mid-term sentence of three years, doubled as a second strike) plus a one-year enhancement for causing great bodily injury.  On both of the vandalism counts, the trial court imposed concurrent terms of one year.  Green was awarded 567 days of presentence custody credit.

Green went to his mother's house and demanded that she open the door. When she refused, he wrapped a scarf around his hand and smashed the window, which shattered.  He climbed into the house through the window, stood in front of her, and said, "Bitch, I'm going to kill you."  He cut her hand with a shard of glass.  She attempted to call the police, but he grabbed her cell phone and smashed it.  After being escorted by the police to the patrol car, he freed his leg from the restraint and kicked out the rear window.

Four weeks later, Green brought bottles and cans to the recycling center. He argued over the price with Isidoro Rivera-Vargas, who worked there with his wife and child.  Green told him that he was going to kill him and his family.  He swung a metal

---

[2] (*People v. Marsden* (1970) 2 Cal.3d 118.)

shovel at him, striking a gate separating them.  Green left after Rivera-Vargas told him that he was calling the police.

Appointed counsel filed a brief raising no issues and requesting our independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  On November 4, 2014, we notified Green that he had 30 days in which to advise us of any claims he wished us to consider.  Subsequently, we granted counsel's request on Green's behalf for an extension of time until January 3, 2015.  On January 2, 2015, we again notified Green of his ability to submit arguments in support of his appeal and extended the time for him to do so by 30 days.  No response has been received.

We have reviewed the entire record and are satisfied that Green's attorney has fully complied with her responsibilities and that no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:



GILBERT, P. J.



YEGAN, J.



3

Laura R. Walton, Judge

Superior Court County of Los Angeles
_____

Linda L. Gordon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.